OPINION
Plaintiff-appellant Mary Ann Stevenson appeals the September 24, 1999 Judgment Entry of the Fairfield County Court of Common Pleas which granted summary judgment against her. Defendants-appellees are First American Title Insurance Co., Midland Title Security, Inc., and Lanco Title Agency, Inc., (hereinafter collectively referred to as appellees).
 STATEMENT OF THE CASE AND FACTS
This dispute arises out of the rights and responsibilities of the parties under in an ALTA Loan Policy of Title Insurance issued by appellees. On September 17, 1994, appellant's boyfriend, now her husband, James Stevenson, gave appellant a promissory note for $35,000. The note was secured by a mortgage on property Stevenson owned in Fairfield County. Appellant gave no consideration for this note and mortgage. Stevenson, an attorney, represented Stephen Beck in a divorce case. When Beck failed to pay Stevenson's legal bill, Stevenson sued Beck, obtaining a judgment for $1,250. Stevenson levied against an asset contained in the Beck divorce file: a note and mortgage from Beck's wife to Beck in the amount of $14,000 plus interest. Stevenson had the note sold at sheriff's sale, and purchased it for $50. Thereafter, Stevenson assigned Beck note and mortgage to appellant. As a result, appellant credited $12,000 against the previously mentioned $35,000 promissory note. Appellant obtained a loan policy of insurance in the amount of $25,000 from appellees for the Beck mortgage. When Beck discovered what Stevenson had done, he sued Stevenson for fraud and conversion. Beck also named appellant as a defendant, although it is not clear from this record the specific allegations against her. Appellant put appellees on notice of the Beck lawsuit against her and demanded a defense pursuant to the title policy. Appellees responded with a request for a proof of loss. Appellant's attorney, forwarded a letter to appellees setting forth appellant's loss and proposed defense. Although the letter did not fulfill the requirements as set forth in the policy for a proof of loss, appellees undertook the defense, reserving the right to withdraw pursuant to the terms of the title policy. During the course of defending the lawsuit, facts came to light which demonstrated appellees had no duty to defend appellant under the policy. Accordingly, appellees withdrew their support of appellant's legal defense and denied any liability under the terms of the policy. On October 4, 1993, the trial court in the Beck lawsuit ordered appellant to transfer all of her interest in the Beck note and mortgage to Beck. Appellant complied with the court's order. On August 1, 1997, appellant filed a complaint against appellees alleging she had suffered an insured loss of her interest in real estate under her title insurance policy. Appellant further alleged appellees refused to provide representation and a defense (in the Beck lawsuit); failed to compensate appellant for her loss; breached its contractual duties; and breached its duty of good faith owed to an insured. Appellees filed a timely answer which asserted affirmative defenses. On June 8, 1999, appellees filed a motion for summary judgment. The motion maintained appellant's claims were barred by the expressed provisions of the policy; the failure of the underlying indebtedness precluded recovery under a loan title policy; appellees withdrawal of financial support for appellee's defense in the Beck case was justified and proper; and appellant failed to set forth an appropriate bad faith claim against appellees. On July 30, 1999, appellant filed her motion in opposition to appellee's motion for summary judgment. On September 24, 1999, the trial court granted appellee's motion for summary judgment on all claims. It is from this judgment entry appellant prosecutes this appeal assigning as error:
 I. THE LOWER COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED SUMMARY JUDGMENT AND RULED THAT [APPELLANT] COULD NOT PROVE ANY DAMAGES.
 II. THE LOWER COURT COMMITTED REVERSIBLE ERROR IN NOT SUBMITTING THE ISSUE OF DAMAGES TO A JURY.
 I
In her first assignment of error, appellant maintains the trial court erred in granting summary judgment based on a finding appellant could not prove damages. We agree. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civ.R. 56(C) states, in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based upon this standard we review appellant's assignment of error. It is apparent from the entry granting summary judgment the trial court based its decision solely on a finding appellant suffered no loss. The entry states, in relevant part: There are many other issues of fact such as Defendants' contention that the $35,000 note and mortgage is a sham given without consideration and Plaintiff's contention that the mortgage is bona fides. Most of these facts are disputed and none of them can be the basis for summary judgment.
There is one crucial fact, however. After construing the facts and the inferences which might be drawn from those facts most favorably toward Plaintiff, one must conclude that Sattler cannot prove any damages. The contract between the parties insures against loss and reasonable minds can only find that Sattler suffered no loss. When the Beck mortgage was assigned to her, she applied a $12,000 credit to the Stevenson mortgage. When the Beck mortgage assignment was set aside, the court presumes that she debited the Stevenson mortgage. Even if she did not, she would be under an obligation, as all plaintiffs are, to mitigate her damages and any recovery by her would have to be reduced by that amount.
* * * Simply put, Sattler cannot prove any loss.
 * * *
In a similar vein, Plaintiff's second claim for relief must also fail. American First did undertake a defense and employed counsel for that purpose. When it appeared that Sattler could suffer no loss by the simple expedient of debiting the $12,000 previously granted, there was not longer any duty to defend. * * * As found above, she has suffered no loss. * * * Based on the foregoing, the [sic] finds that the motion for summary judgment is well taken and grants summary judgment in favor of all the Defendants on all claims.
September 24, 1999 Judgment Entry, p. 3-5. (Emphasis added).
We do not agree with the trial court's finding appellant could not have suffered a loss as a matter of law. We find there is a legitimate difference between having an asset which permits a credit on an outstanding debt, and merely reinstating or debiting the original debt. In the first scenario, appellant has gained a new asset, i.e., a mortgage and note obligating Mrs. Beck to pay appellant the amount of the note plus interest. This note and mortgage was worth more on its face, than a $12,000 debit, and may have been more collectable. Appellant should be permitted to choose which asset to enforce. This is not to say appellant might not fail under the express terms of the policy of the title insurance. However, because the trial court did not analyze these issues below, we elect to remand the matter for further proceedings consistent with this opinion and law. Appellant's first assignment of error is sustained.
 II
In light of our disposition of appellant's first assignment of error, appellant's second assignment of error is moot. The September 24, 1999 Judgment Entry of the Fairfield County Court of Common Pleas is reversed. This matter is remanded to the trial court for further proceedings consistent with law and this opinion.
GWIN, P.J. and FARMER, J. CONCUR.